**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | | |
|---|---|---|
| Lakeisha Wilson | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| | ) | |
| v. | ) | |
| | ) | |
| **Bojangles' Restaurant, Inc. and Campbo Corporation** | ) | **COMPLAINT** |
| | ) | |
| **Defendants.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on sex (female), hostile work environment, and retaliation, and to provide appropriate relief to Lakeisha Wilson (hereinafter "Plaintiff) who was adversely affected by such practices. Plaintiff alleges that Bojangles' Restaurant, Inc. and Campbo Corporation (collectively "Defendant Bojangles'") unlawfully discriminated against her by subjecting her to sexual harassment, a hostile work environment, and retaliation for engaging in activity protected under Title VII.

## JURISDICTION AND VENUE

1.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

2.     On December 30, 2025, EEOC issued a Determination and Notice of Right to Sue Letter to

Plaintiff.

3.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is instituted pursuant Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.     Pursuant to 28 U.S.C. § 1391(b), this Court is the proper venue because a substantial part of the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Rock Hill Division.

## PARTIES

5.     Plaintiff is an individual who at all relevant times has lived in Kershaw County in the State of South Carolina.

6.     At all relevant times, Defendant Bojangles' Corporation, a Delaware corporation, has continuously been doing business in the State of South Carolina, including, but not limited to, its facility in Kershaw, Lancaster County, South Carolina, and has continuously had at least 15 employees.

7.     At all relevant times, Defendant Campbo Corporation d/b/a Bojangles', a South Carolina limited liability company, has continuously been doing business in the State of South Carolina, including, but not limited to, its facility in Kershaw, Lancaster County, South Carolina, and has continuously had at least 15 employees.

8.     At all relevant times, Defendant Bojangles' has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

9.     At all relevant times, Defendant Bojangles' employed Plaintiff within the meaning of

2

Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

10.    In November 2023, Defendant Bojangles' hired Plaintiff as a Team Member to work at its restaurant located at 516 Hampton Street, Kershaw, South Carolina.

11.    Since at least January 2024, Defendant Bojangles' have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1) by subjecting Plaintiff to sexual harassment, a hostile work environment, and retaliatory discharge.

12.    At the time of the sexual harassment described herein, Plaintiff worked as a Team Member at Defendant Bojangles' restaurant located at 516 Hampton Street, Kershaw, South Carolina.

13.    Around January 2024, Plaintiff began experiencing sexually harassing behavior from her supervisor, Hanna Coleman ("Coleman").

14.    Plaintiff was subjected to various sexually harassing behaviors by Coleman, including, but not limited to:

   a.    Being slapped on the buttocks on multiple occasions;

   b.    Being told about sexually explicit stories regarding Coleman's sex life;

   c.    Being subjected to unwelcome propositions, sexually charged remarks, and sexual innuendos.

   d.    Being accused of having sexual relations with restaurant customers.

15.    Plaintiff reported Coleman's sexual harassment to her store's Assistant General Manager, Katie, who, in turn, advised Plaintiff to report this behavior to the general manager, Sami Jo.

16.    Defendant Bojangles' failed to take any action against Coleman, despite being aware of Coleman's sexually inappropriate behavior and comments.

17.    Plaintiff was terminated on or around February 14, 2024, under a pretense and in

3

retaliation for reporting sexual harassment.

## FIRST CAUSE FOR ACTION
Title VII—Sex Discrimination/Sexual Harassment

18.    Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

19.    Since at least January 2024, Defendants engaged in unlawful employment practices and subjected Plaintiff to discrimination on the basis of sex, including unwelcome sexual harassment that was severe and pervasive.

20.    Coleman's actions were unwelcome and unsolicited by Plaintiff.

21.    Plaintiff reported Coleman's harassing behavior, but Defendants failed to take any corrective or remedial action.

## SECOND CAUSE FOR ACTION
Title VII—Hostile Work Environment

22.    Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

23.    Plaintiff was subjected to unwelcome conduct by Coleman, which included sexual harassment in the form of inappropriate behavior and comments.

24.    The unlawful employment practices complained of in Paragraphs 10-16 were comprised of sufficiently severe or pervasive employment conditions and created an abusive work environment based on sex (female).

25.  The conduct complained of herein is imputable to Defendants, as Coleman, a supervisory employee, committed the unwelcome and inappropriate conduct.

26.    Since at least January 2024, Defendants have engaged in unlawful employment practices and subjected Plaintiff to discrimination based on sex, including unwelcome sexual harassment

4

that was severe and pervasive.

27.     Coleman's actions were unwelcome and unsolicited by Plaintiff.

28.     Plaintiff reported Coleman's harassing behavior but failed to take any corrective action.

### THIRD CAUSE FOR ACTION
Title VII—Retaliation

29.     Plaintiff realleges and reiterates the preceding paragraphs as if fully set forth herein verbatim.

30.     Plaintiff reported Coleman's unwelcome sexually harassing behavior and conduct to Defendants' upper management.

31.     On or about February 14, 2024, shortly after Plaintiff reported the sexual harassment, Defendants terminated Plaintiff's employment in retaliation for reporting the sexual harassment.

32.     Defendants further violated Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Plaintiff after she engaged in protected activity.

33.     The effect of the retaliatory practices complained of herein was to dissuade Defendants' employees, including Plaintiff, from complaining of sexual harassment and a hostile work environment.

34.     The actions described herein caused Plaintiff severe emotional distress.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests that this Court:

A.     Order Defendants to institute and carry out policies, practices, and programs which prevent harassment based on sex and prohibit reprisal or retaliation against any person who engages in protected activity under Title VII;

B.     Order Defendants to make the Plaintiff whole by providing appropriate backpay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices.

C. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the paragraphs above, in an amount to be determined at trial.

D. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be determined at trial.

E. Order Defendants to pay Plaintiff punitive damages for their callous indifference to her federally protected right to be free from sex-based harassment;

F. Grant such further relief as the Court deems necessary and proper.

G. Award Plaintiff Attorney fees and costs of this action.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised in this complaint.

Respectfully submitted,

/s/ Arien P. Cannon
Arien P. Cannon, Federal ID No. 13768
Cannon Law Group, P.C.
512 Rutledge Street
Camden, South Carolina 29020
Phone: (803) 432-4402
Fax: (803) 432-3048
ACannon@dncannonlaw.com
*Attorney for Plaintiff*

March 24, 2026

6